UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | Case No. **3:25CR0076-MJN** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | |
| **ANDRE JORDAN II** | | |
| Defendant. | | |

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), this Court hereby grants the Motion of the United States for entry of a Protective Order, governing the manner in which defendant **ANDRE JORDAN II** and his counsel may handle certain materials provided in discovery – namely (1) body worn camera videos, (2) cruiser camera videos, (3) recorded drone footage, and (4) hotel surveillance videos (collectively, "the Protected Materials")[1] – as follows:

1. Defense counsel and **ANDRE JORDAN II** will not disclose any information contained in the Protected Materials directly or indirectly to any third person, except: attorneys, investigators and consultants who are assisting in **ANDRE JORDAN II** in his defense; United States citizens who the defense interviews as potential witnesses; and potential expert witnesses ("Authorized Individuals"). Upon disclosing said information contained in the Protected Materials to any Authorized Individual, defense counsel and **ANDRE JORDAN II** must provide that Authorized Individual with a copy of the Court's Protective Order and advise that Authorized Individual that he or she will be subject to the same obligations that are imposed upon defense

---

[1] When producing these Materials, the United States will clearly mark the specific items which will be subject to the Protective Order.

counsel and **ANDRE JORDAN II,** by this Protective Order.

2. Defense counsel shall not copy or reproduce the Protected Materials unless copied or reproduced for the express use by Authorized Individual(s) who may be assisting in the defense, and in that event, the copies or reproductions should be treated in the same manner as the original Protected Materials. Defense counsel shall maintain a log of any and all copies or reproductions made of the Protected Materials and to whom they were distributed.

3. Although defense counsel may permit their client **ANDRE JORDAN II** to review the Protected Materials in a pre-trial detention facility under the defense counsel's personal observation and supervision, **ANDRE JORDAN II** may not remove from their counsel or retain the Protected Materials, or copies or reproductions of the Protected Materials, regardless of format, including, but not limited, personal notes reflecting content of the Protected Materials.

4. Defense counsel and **ANDRE JORDAN II** are only authorized to use the Protected Materials solely for the preparation of the defense in this case and for no other purpose.

5. At the conclusion of this case, defense counsel shall return all the Protected Materials and copies or reproductions and log sheets thereof forthwith to the United States Attorney's Office.

6. Defense counsel shall inform his client **ANDRE JORDAN II** of these restrictions placed on the Protected Materials and ensure that he does not disclose or use any information contained in the Protected Materials in violation of this Protective Order. However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

 September 23, 2025  
DATE

s/*Michael J. Newman*  
JUDGE MICHAEL J. NEWMAN  
UNITED STATES DISTRICT COURT